NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 3 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NEIGHBORS AGAINST BISON
SLAUGHTER; BONNIE LYNN,

No.    21-35144

Plaintiffs-Appellants,

D.C. No.    1:19-cv-00128-SPW

v.

MEMORANDUM*

NATIONAL PARK SERVICE; et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted February 11, 2022
Portland, Oregon

Before: PAEZ and NGUYEN, Circuit Judges, and EATON,** Judge.

On February 5, 2021, the district court issued an order (the "Remand Order")

granting Defendants'[1] motion for voluntary remand, without vacatur, of the

--------

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       Richard K. Eaton, Judge of the United States Court of International
Trade, sitting by designation.

[1]       Defendants are federal agencies (the National Park Service and the U.S.
Forest Service), Deb Haaland in her official capacity as Secretary of the Interior,

Interagency Bison Management Plan ("IBMP"), which provides for the management of American Bison that leave Yellowstone National Park. By granting Defendants' motion, the Remand Order directed further analysis of the IBMP under the National Environmental Policy Act of 1969 ("NEPA"). Though Plaintiffs[2] agreed that the case should be remanded for preparation of a new Environmental Impact Statement ("EIS"), they argue, on appeal, that the district court erred by denying their Administrative Procedure Act ("APA") § 706(1) claim seeking a judicially-imposed deadline for completion of the new EIS, based on Defendants' alleged history of delay.

We have jurisdiction under 28 U.S.C. § 1291 because the district court conclusively resolved Plaintiffs' claim to compel agency action by a date certain and review of this issue "would, as a practical matter, be foreclosed if an immediate appeal were unavailable." *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1075 (9th Cir. 2010) (quoting *Alsea Valley All. v. Dep't of Com.*, 358 F.3d 1181, 1184 (9th Cir. 2004)). Furthermore, we review the district court's interpretation of federal

---

Tom Vilsack in his official capacity as Secretary of Agriculture, and Cam Sholly in his official capacity as the Superintendent of Yellowstone National Park. Deb Haaland and Tom Vilsack are automatically substituted for their predecessors. *See* Fed. R. App. P. 43(c)(2).

[2] Plaintiffs are Bonnie Lynn, a private resident and business owner in Beattie Gulch, Montana, and Neighbors Against Bison Slaughter, a community organization formed by Ms. Lynn.

statutes, including the APA, de novo. *See San Luis Unit Food Producers v. United States*, 709 F.3d 798, 803 (9th Cir. 2013). The APA allows challenges to final agency action "[w]here no other statute provides for judicial review of agency action."[3] *Id.* For the following reasons, we affirm the district court's denial of Plaintiffs' APA § 706(1) claim.

Section 706(1) of the APA permits a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." Whether an agency has impermissibly delayed a required action is governed by a "rule of reason," under which the timing of agency action is assessed on a case-by-case basis. *See Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001) (quoting *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 n.7 (9th Cir. 1997)); *see also In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1139 (9th Cir. 2020). Here, the rule of reason weighs against setting a deadline because not enough time has passed for us to find that agency action has been "unreasonably delayed." For instance, the district court granted Defendants' motion for voluntary remand to prepare a new EIS before this case was heard. Since then, Defendants have issued a notice of intent, which sets in motion a two-year regulatory deadline by which the new EIS normally must be completed. *See* Notice of Intent, 87 Fed. Reg. 4,653 (Jan. 28, 2022); *see also* 40 C.F.R. § 1501.10(b)(2).

---

[3] NEPA itself does not contain a provision for judicial review. *See Russell Country Sportsmen v. U.S. Forest Serv.*, 668 F.3d 1037, 1041 (9th Cir. 2011).

There is insufficient evidence to support a finding that Defendants are likely to miss the applicable regulatory deadline. Indeed, Defendants have committed to providing the district court "with regular status reports during the NEPA process." Because the Remand Order did not close the case with respect to any of Plaintiffs' other claims, the district court retains jurisdiction to adjudicate these claims if they are not mooted by Defendants' actions on remand.[4] *See Pit River Tribe*, 615 F.3d at 1076. The district court's retention of jurisdiction provides an avenue for Plaintiffs to renew their claim challenging the timeliness of agency action, at a later date, should they believe that Defendants have excessively delayed completion of the new EIS.

The parties shall bear their own costs on appeal.

**AFFIRMED**.

---

[4] The district court did not enter a judgment when it issued the remand order, nor did it indicate that Plaintiffs' APA § 706(1) claim was dismissed with prejudice.